CHARLES T. MOORE, APPELLANT, v. C. CERESA McCLURE, RESPONDENT.

*Cause of action — Complaint — when sufficient — Promissory note signed "J. S. McClure, agent" — liability of principal upon.*

The complaint alleged that the defendant, by J. S. McClure, her agent, made and delivered *her* promissory note, in writing, setting forth a copy of the note, signed J. S. McClure, agent, and alleging that the consideration of the note was goods sold to the defendant. The defendant demurred. The demurrer was sustained at Special Term on the grounds that the note did not refer to the defendant by name, and did not show that McClure had authority to sign as her agent. *Held,* that the complaint stated facts sufficient to constitute a cause of action.

That, under the allegation that the defendant made and delivered *her* promissory note, it would be competent to show that the person signing the note was duly authorized by her so to do.

The fact that the name of the defendant did not appear upon the face of the note, would not prevent the plaintiff from introducing evidence to show that she was bound thereby.

APPEAL from an order made at the Special Term sustaining a demurrer to the second count of the complaint herein.

The count was as follows: "And for a second and further cause of action the plaintiff alleges that on the 7th day of January, 1875, the said defendant, by J. S. McClure, her said agent, made and delivered to this plaintiff her promissory note in writing, of which the following is a copy:

CANANDAIGUA, *January 7th*, 1874.

Twenty days after date I promise to pay to the order of C. T. Moore sixty-one and sixty-two one-hundredths dollars, at Williams & Remington's Bank, value received, with use and exchange on New York.

JOHN S. McCLURE, *Agent.*"

That said note was given by said McClure to plaintiff, for and as the agent of said defendant, and that said note was given by said defendant, by her said agent, for and on account of goods, wares and merchandise theretofore sold and delivered by said plaintiff to said defendant.

*J. E. Roe,* for the appellant.

*George F. Jackson,* for the respondent.

TALCOTT, J. :

This is an appeal from an order made at the Special Term in Monroe county sustaining a demurrer to the second count of the complaint. The cause of demurrer assigned is, that the count does not state facts sufficient to constitute a cause of action.

The count contains, in substance, the following averments : That the defendant, by J. S. McClure, her agent, made and delivered to the plaintiff her promissory note, in writing, of which a copy is set forth, and appears to be a note in the ordinary form, promising to pay to the plaintiff or order sixty-one dollars and sixty-two cents at a bank therein named, for value received, purporting to be signed as follows : John S. McClure, agent. That the note was given by said McClure to the plaintiff for and as the agent of the defendant for goods, wares, and merchandise theretofore sold and delivered by the plaintiff to the defendant. That the defendant, before the commencement of the action, promised and agreed to pay the note ; that no part thereof has been paid, and that there is due and owing from the defendant to the plaintiff sixty-one dollars and sixty-two cents, with interest from January 7, 1875, on the note.

The demurrer was sustained on the ground that the note does not refer to the defendant by name, and the count does not show that J. S. McClure had authority, as the agent of the defendant, to make the note, or that it was made in the business of his agency.

We think the count is sufficient. It avers that the defendant, by her agent, in consideration of goods etc., sold and delivered to her, *made her note.* The statement that it was made by her agent was unnecessary, and is superfluous. The allegation that the defendant made her note, when it appears to have been in fact signed by another party, necessarily includes the allegation that such other party was duly authorized to make the note in behalf of the defendant, and under it proof could have been given, and would be requisite, to establish that it was in fact the note of the defendant, by proving the authority of the agent to make the note in her behalf. It could not be true that she made and delivered her note, unless the agent was duly authorized to make and deliver the note in her behalf. The fact that the name of the principal does not appear on the face of the note is not, under the modern

decisions in this State, at all conclusive. If it was intended to be given in the business of the principal, was in fact so given, and with due authority, it is binding on the principal, and all this is matter of evidence, all covered by the averment that it is the note of the principal.

The order sustaining the demurrer is reversed with costs, with leave for the defendant to amend within twenty days, on payment of the costs of the demurrer and appeal.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order sustaining demurrer reversed with costs, with leave to defendant to answer, on payment of costs of demurrer and appeal.